UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND GEBAUER,<br><br>    Defendant. | Case No. CR06-0122RSL<br><br>ORDER DENYING APPEAL OF CLERK'S ORDER DENYING *PRO HAC VICE* APPLICATION |

## I. INTRODUCTION

This matter comes before the Court on the "Appeal to District Court of Clerk's Order Denying Defendant's Choice of Counsel." (Dkt. #31). By letter dated December 4, 2006, the Clerk of the Court denied the application of Oscar Stilley to appear *pro hac vice* to represent defendant in this case. Although the Local Rules do not provide for an appeal, the Court will permit Stilley to appeal the denial to this Court. On January 12, 2007, the government filed a response opposing Stilley's appeal and application.

## II. DISCUSSION

As an initial matter, Stilley has requested an adversary hearing regarding his application. Notably, he provided the disciplinary materials that are the primary basis for the Clerk's and this Court's decisions. He has not shown a need for live testimony to address the documents, and

ORDER DENYING APPEAL - 1

there is no dispute regarding the authenticity of the relevant documents. Because the Court can decide this matter based on the written materials, Stilley's request for a hearing is denied.

In considering the application and the appeal, this Court recognizes that the denial of a criminal defendant's right to the counsel of his choice raises Sixth Amendment concerns. See, e.g., United States v. Walters, 309 F.3d 589, 592 (9th Cir. 2002). The right, however, may be abridged to serve some "compelling purpose." Id. (internal citation and quotation omitted). "A criminal defendant's exercise of this right cannot unduly hinder the fair, efficient and orderly administration of justice." Id. (internal citation and quotation omitted). An application may be denied if defendant's "'choice of counsel . . . would unreasonably delay proceedings or burden the court with counsel who was incompetent or unwilling to abide by court rules and ethical guidelines.'" Id. (quoting United States v. Panzardi Alvarez, 816 F.2d 813, 817-18 (1st Cir. 1987)). Based on the relevant authority, the Court has weighed defendant's right to counsel of his choice against factors weighing against admitting Stilley to practice *pro hac vice*.

Stilley argues that he "is licensed and in good standing" in other jurisdictions. Appeal Memorandum at p. 2. Although this Court has considered that fact, it is not dispositive, just as it is not dispositive that several other jurisdictions have refused to admit Stilley to practice *pro hac vice*.

Stilley has been disciplined several times by the Arkansas Supreme Court Committee on Professional Conduct (the "Committee"). The Committee suspended Stilley for 30 days effective October 1, 2001. The Committee also cautioned him on October 17, 2001; reprimanded him twice, on October 17, 2001 and November 13, 2001; and issued a letter of warning on July 20, 2001. Stilley also stated in his application, "Another professional conduct matter is pending." He has not further identified the matter, citing a right to maintain confidentiality. The Court is troubled both by the significant number of prior disciplinary actions and by the fact that Stilley's pattern of professional conduct matters is continuing.

In addition to Stilley's extensive and on-going list of disciplinary matters, he has been fined and sanctioned by numerous courts. See, e.g., Stilley v. Marschewski, 2006 U.S. App.

ORDER DENYING APPEAL - 2

LEXIS 13316 (8th Cir. 2006) (unpublished) (affirming imposition of Rule 11 sanctions), *cert. denied* 2007 U.S. LEXIS 66 (Jan. 8, 2007); Stilley v. James, 48 Fed. Appx. 595, 597 (8th Cir. 2002) (unpublished per curiam) (finding no abuse of discretion in imposing Rule 11 sanction enjoining Stilley from filing future cases involving issues that had been litigated or raised in three lawsuits and two appeals; finding that the court "acted appropriately by helping Stilley stop pursuing fruitless litigation"). As set forth in James and in Stilley v. Hubbs, 344 S.W.3d 209, 213 (Ark. 2001), Stilley has shown a pattern of continuing to pursue litigation after the relevant issues have already been decided, resulting in the imposition of sanctions and waste of judicial resources. Similarly, in this case, his appeal of the Clerk of the Court's decision is mostly comprised of challenges to the Committee's disciplinary decisions. As the government noted in its response to the appeal, this is not an appropriate forum to challenge the Committee's decisions. Stilley's attempts to do so demonstrate his proclivity to reargue issues that have already been finally decided.

This Court is also troubled by Stilley's apparent lack of respect for the courts, its officers, and its rules. Stilley was reprimanded for, among other things, making a false statement of material fact to the tribunal. Ex. 3. Three of his disciplinary actions have included a finding that he violated the ethical rules by engaging in conduct that is prejudicial to the administration of justice. Exs. 1, 2, 4. Stilley refused to pay the sanctions imposed in one case, and in defiance of the court's order, failed to submit financial documents to support his professed inability to pay, ultimately resulting in his incarceration. Stilley v. Forth Smith Sch. Dist., 2006 Ark. LEXIS 430 (Sept. 14, 2006). Notably, his appeal memorandum in this case does not comply with this Court's Local Rules. In violation of Local Rule 10, it does not include pleading line numbers or a bottom notation with the pleading title, case number, and attorney contact information. An attorney seeking to practice before this Court must be familiar with and comply with all Court rules.

Also, Stilley's pattern of improper conduct could, if repeated in this case, present grounds for a claim of ineffective assistance of counsel, which would be detrimental to the administration

ORDER DENYING APPEAL - 3

of justice. For example, Stilley was suspended for filing an appeal against the wishes of his client, failing to abide by his wishes, proceeding despite a conflict of interest, and engaging in conduct that was both prejudicial to the administration of justice and involved dishonesty, fraud, deceit or misrepresentation. He was cautioned for violating the ethical rules requiring that a lawyer act with reasonable diligence and promptness in representing a client and for filing a petition for rehearing that was argumentative and devoid of any legal or factual basis for reversing a previous court decision.

Having reviewed the extensive instances of discipline and sanctions, Stilley's violations of the ethical rules, and the instances of disrespect towards the courts and their rules and orders, the Court finds that permitting him to represent defendant would burden the court with counsel who is unwilling to abide by court rules, orders, and ethical guidelines. Those factors, as well as his continued pursuit of litigation after the issues have already been finally resolved, suggest that allowing Stilley to represent the defendant in this case would delay the proceedings and unduly hinder the fair, efficient and orderly administration of justice.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Stilley's appeal and DENIES his application to appear *pro hac vice* in this case.

DATED this 17th day of January, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING APPEAL - 4