1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

RAYMOND GEBAUER,

                    Defendant.

Case No.  CR06-0122RSL

ORDER DENYING MOTION
FOR DISCLOSURE OF GRAND
JURY MINUTES

        This matter comes before the Court on defendant Raymond Gebauer's motion for disclosure of the grand jury minutes "for the sessions during which the grand jury considered matters leading to the filing of the indictments herein."  (Dkt. #58).  Defendant also requests disclosure "of all legal instructions received by the Grand Jury from this Court, from government attorneys, or from any other witness or individual," and for an extension for defendant to move to dismiss the indictments until 15 days after disclosure of the grand jury minutes.

        Federal Rule of Criminal Procedure 6(e)(2)(E)(ii) provides that a court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

ORDER DENYING MOTION FOR
DISCLOSURE OF GRAND JURY MINUTES - 1

Defendant alleges that the "government improperly placed before the Grand Jury a mass of prejudicial material and has otherwise prejudiced the grand jury process." Motion at p. 2. Because grand jury materials are presumed secret, a defendant must show a "particularized need" to obtain disclosure of grand jury materials. See, e.g., Dennis v. United States, 384 U.S. 855, 870-71 (1966). To determine whether a defendant has shown a particularized need, a court considers whether "(1) the desired material will avoid a possible injustice, (2) [whether] the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991). A "heavy burden" is placed on a defendant seeking disclosure, and defendant's particularized showing must overcome the policy of maintaining grand jury secrecy. Martin v. United States, 335 F.2d 945, 949 (9th Cir. 1964).

Defendant argues that disclosure is necessary because, he alleges, the grand jury was misled. In support, he argues that the government disclosed its expert witnesses to him with no curriculum vitae and no summary. However, the government states, and defendant does not dispute, that it produced the resumes of its expert witnesses and summaries of their anticipated testimony over a month before defendant filed this motion. Defendant also alleges that "the changes in the various indictments returned in this case without citing or in mis-citing the legal requirements" misled the grand jury. Although the superseding indictment and second superseding indictment contained changes, neither the changes nor the content demonstrate that the government misled the grand jury or misinformed it of the law.

Defendant also alleges that the government has produced thousands of pages of irrelevant documents in discovery, and if the grand jury had instead been presented with "relevant

ORDER DENYING MOTION FOR
DISCLOSURE OF GRAND JURY MINUTES - 2

1  evidence and competent eyewitness testimony, there is a high probability that the Grand Jury

2  would not have indicted Defendant." However, it is well established that "mere unsubstantiated,

3  speculative assertions of improprieties in the proceedings do not supply the particularized need

4  required to outweigh the policy of grand jury secrecy."  United States v. Ferrebouef, 632 F.2d

5  832, 835 (9th Cir. 1980) (internal citation and quotation omitted).  Similarly, the government has

6  no duty to present exculpatory evidence to the grand jury.  See, e.g., United States v. Williams,

7  504 U.S. 36, 55 (1992).  Nor is defendant entitled to challenge the indictments "on the ground

8  that there was inadequate or incompetent evidence before the grand jury."  Costello v. United

9  States, 350 U.S. 359, 402 (1956) ("If indictments were to be held open to challenge on the

10  ground that there was inadequate or incompetent evidence before the grand jury, the resulting

11  delay would be great indeed.  The result of such a rule would be that before trial on the merits a

12  defendant could always insist on a kind of preliminary trial to determine the competency and

13  adequacy of the evidence before the grand jury.  This is not required by the Fifth Amendment").

14  Defendant also reargues issues he raised in his motion for a bill of particulars and motion for

15  judicial findings.  The Court, however, has denied those motions, and the issues raised therein

16  do not justify disclosure of the grand jury minutes or legal instructions.

17        In sum, defendant has not shown a particularized need for the grand jury minutes or legal

18  instructions outweighing the policy of grand jury secrecy.  Rather, he seeks to conduct a "fishing

19  expedition," which does not justify disclosure.  Ferrebouef, 632 F.2d at 835.

20        Finally, defendant requested an extension of time to move to dismiss the indictments until

21  15 days after disclosure of the grand jury minutes.  Because the Court denies defendant's request

22  for disclosure of the grand jury minutes, it also denies the related request for an extension.

ORDER DENYING MOTION FOR
DISCLOSURE OF GRAND JURY MINUTES - 3

Accordingly, defendant's motion (Dkt. #58) is DENIED.

DATED this 8th day of May, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
DISCLOSURE OF GRAND JURY MINUTES - 4