UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND GEBAUER,<br><br>Defendant. | Case No. CR06-0122RSL<br><br>ORDER DENYING MOTION FOR ADDITIONAL BILL OF PARTICULARS |

This matter comes before the Court on defendant Raymond Gebauer's "Motion to Compel Additional Bill of Particulars." (Dkt. #70). Defendant seeks an order compelling the government to state (1) what witness testified before the grand jury on the issue of willfulness, (2) what evidence exists that defendant acted willfully, and (3) that the grand jury was informed of the definition of willfulness in a criminal tax case as opposed to the general definition used in other criminal cases.

A bill of particulars may be necessary "[t]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too

ORDER DENYING MOTION FOR
ADDITIONAL BILL OF PARTICULARS - 1

vague, and indefinite for such purposes." United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal citation and quotation omitted). The purposes served by a bill of particulars are accomplished if the indictment provides sufficient detail of the charges and if the defendant is provided full discovery. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984). In this case, defendant has been provided with full discovery. Also, the indictments provide sufficient detail of the charges.

Defendant requests that the government detail its evidence that he acted willfully and its witnesses, but a bill of particulars is not required when the defendant seeks to use it as an investigatory or discovery tool. See, e.g., Cooper v. United States, 282 F.2d 527, 532 (9th Cir. 1960); United States v. Giese, 597 F.2d 1170 (9th Cir. 1979). Nor is a bill of particulars to be used "to provide a defendant with names of government witnesses." Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963). Furthermore, the list of items defendant presents, for the most part, would be better posed as interrogatories. Also, the government is not required to make legal arguments in responding to a bill of particulars. Therefore, the information requested by defendant is beyond that required in a bill of particulars.

Furthermore, defendant is confusing what the government must prove at trial with what it must provide to him in advance of trial. For example, defendant argues that the government is required to inform him of what specific laws or duties he violated, but the Ninth Circuit recently rejected that argument when made by defendant's counsel. United States v. Weathers, 2007 WL 34092 at *1 (9th Cir. Jan. 5, 2007) (unpublished).

Defendant also alleges that the Court committed "clear error" in at least two findings in its prior order granting his first motion for a bill of particulars. First, he alleges that the Court's order, in noting what the government agreed to provide during the hearing, cited to the language in the original and superseding indictments rather than the second superseding indictment. Defendant's claimed error is irrelevant, because he does not allege that the government failed to follow the order or that he did not receive the information he requested on that element.

1  Defendant also argues that the Court's order found that he made a "concession" regarding the
2  willfulness element, but the order contains no such finding.
3       Accordingly, Gebauer's motion for additional bill of particulars (Dkt. #70) is DENIED.

5  DATED this 18th day of May, 2007.

                  /s/ Robert S. Lasnik
                  Robert S. Lasnik
                  United States District Judge

ORDER DENYING MOTION FOR
ADDITIONAL BILL OF PARTICULARS - 3