UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND GEBAUER,<br><br>Defendant. | No. CR06-0122RSL<br><br>ORDER DENYING MOTIONS TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on defendant's motions to dismiss (Dkt. #79) (Dkt. #80). Defendant seeks to dismiss the Second Superseding Indictment for a number of reasons, many of which have been raised in motions already denied or otherwise addressed by the Court. See Order Denying Motion for Judicial Findings (Dkt. #65), Order Granting Motion for Bill of Particulars (Dkt. #67), Order Denying Motion for Reconsideration (Dkt. #71), Order Denying Motion for Statement of Government's Intention to Use Evidence in its Case-in-Chief at Trial (Dkt. #75), Order Denying Motion for Disclosure of Grand Jury Minutes (Dkt. #76), and Order Denying Motion for Additional Bill of Particulars (Dkt. #83). For the reasons discussed below, defendant's motions to dismiss are denied.

## II. DISCUSSION

**A.    The Second Superseding Indictment is Legally Sufficient**

Defendant contends that the indictment fails to allege all the essential elements of the

ORDER DENYING MOTIONS TO DISMISS -1

crimes he is charged with and that this is grounds for having the indictment dismissed with prejudice. The Court disagrees. "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Morrison, 536 F.2d 286, 288 (9th Cir. 1976) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). The indictment achieves both these purposes in this case.

Defendant is charged with four counts of tax evasion in violation of 26 U.S.C. § 7201. The elements required to prove a violation of 26 U.S.C. § 7201 are (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of a tax. Sansone v. United States, 380 U.S. 343, 351 (1965). All four counts of the Second Superseding Indictment allege these elements. Specifically, each count alleges that defendant "willfully attempt[ed] to evade and defeat a large part of the income tax due and owing by him," that there was "tax due and owing," and that defendant attempted to evade these taxes "by taking affirmative acts to conceal from the United States the true amount of his income." Dkt. #46. The indictment informed defendant of the charges against him and it is drafted with sufficient specificity to prevent further prosecution on the same facts. See United States v. Buckner, 610 F.2d 570, 573-74 (9th Cir. 1979).

Defendant's arguments to the contrary lack legal merit. As the Court also noted in its May 18, 2007 Order, the Ninth Circuit has rejected defendant's contention that the Government was required to cite to 26 U.S.C. § 6012 in the indictment in order to give him notice of the charges filed against him. United States v. Weathers, 2007 WL 34092 at *1 (9th Cir. Jan. 5, 2007) (unpublished). The Ninth Circuit has also clearly rejected defendant's argument that the Government is required to allege the specific amount of tax deficiency owed in the indictment. See Buckner, 610 F.2d at 573. Further, other courts have noted that an indictment need not contain allegations "of the particular means by which the defendant attempted to evade and

ORDER DENYING MOTIONS TO DISMISS -2

defeat the tax." United States v. Edwards, 777 F.2d 644, 649 (11th Cir. 1985).[1]  Defendant's motion to dismiss the indictment as legally insufficient is denied.

**B.     There is No Evidence that the Grand Jury was Abused**

Defendant also contends that the Government abused the grand jury and that he is therefore entitled to either the disclosure of grand jury transcripts or dismissal of the indictment. In doing so, defendant reasserts arguments that were considered, and rejected, by the Court on two separate occasions. See Order Denying Motion for Reconsideration (Dkt. #71) and Order Denying Motion for Disclosure of Grand Jury Minutes (Dkt. #76).  As the Court noted in it May 8, 2007 order, "it is well established that 'mere unsubstantiated, speculative assertions of improprieties in the proceeding do not supply the particularized need required to outweigh the policy of grand jury secrecy.'"  Dkt. # 76 (quoting United States v. Ferrebouef, 632 F.2d 832, 835 (9th Cir. 1980)).  Defendant has put forward no new legal authority or facts that would support his renewed allegations of grand jury misconduct.  As such, his requests for the disclosure of grand jury transcripts and for dismissal of the indictment based on such misconduct are denied for the same reasons cited in the Court's earlier orders.

**C.     The Statute of Limitations Has Not Run**

Defendant argues that Count 1 and 2 should be dismissed because "the statute of limitations has run."  First Motion to Dismiss at p. 4.   The statute of limitations is tolled upon the return of an indictment.  United States v. Sears, Roebuck & Co., Inc., 785 F.2d 777, 778 (9th Cir. 1986).  A superseding indictment remains timely unless it "'broaden[s] or substantially amend[s]' the charges in the original indictment."  Id. (quoting United States v. Wilsey, 458 F.2d 11, 12 (9th Cir. 1972).  Here, all the indictments contained four counts of tax evasion, in violation of 26 U.S.C. § 7201, for the same four years, 1998-2001.  Because the charges in the original indictment have not been broadened or substantially amended, defendant's statute of

---

[1] The Government has also provided defendant with a Bill of Particulars outlining the affirmative acts of concealment that it intends to prove at trial. See Dkt. 68.

ORDER DENYING MOTIONS TO DISMISS -3

limitations argument fails.

## III. CONCLUSION

For the foregoing reasons, defendant's motions to dismiss (Dkt. #79) (Dkt. #80) are DENIED.

DATED this 13th day of June, 2007.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS TO DISMISS -4