UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RAYMOND GEBAUER,

    Defendant.

CASE NO. CR06-122JLR

ORDER

This matter comes before the court on several pretrial motions from the parties (Dkt. ## 88, 90, 91, 92, 93, 94, 95, 96).

The court DENIES Defendant's motion to continue the trial date (Dkt. # 88). Subsequent to Defendant filing this motion, the court assigned a new trial date of July 23, 2007 at 1:30 p.m. The court declines to extend the trial date further. The court also notes that the deadline for pretrial motions has passed and will not be extended. The parties should file their trial briefs, jury instructions, proposed voir dire, and exhibit lists at or before Noon on July 13, 2007.

The court GRANTS as unopposed the Government's motion in limine with respect to the testimony of Diana Day (Dkt. ## 90, 91) to the extent that the adverse testimonial

ORDER – 1

privilege and the marital communications privilege apply only during marriage. The court DENIES without prejudice the remainder of the motion as it requires additional context that the court will not be able to consider until trial.

The court GRANTS as unopposed the Government's motion in limine regarding audio recordings (Dkt. ## 92, 93), provided that the Government lay a proper foundation for admissibility at trial. United States v. King, 587 F.2d 956, 961 (9th Cir. 1978).

The court DENIES without prejudice Defendant's unopposed motions in limine to exclude lay opinion testimony pursuant to Fed. R. Evid. 701 and 403 (Dkt. ## 94, 95). The court will apply the rules of evidence at trial as it cannot rule in the abstract on testimony it has not heard and that lacks context.

Lastly, the court GRANTS the Government's motion in limine regarding "improper evidence and argument" (Dkt. # 96) and orders as follows: Defendant may not introduce evidence to show that filing income tax returns and/or paying income tax is somehow voluntary, United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977), or that the Paperwork Reduction Act of 1980, 44 U.S.C. § 3501, *et seq*, is a defense to tax evasion, United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991). Defendant will also be precluded from presenting evidence regarding the sufficiency of the indictments, or the propriety of the grand jury process.

Dated this 22nd day of June, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 2